STATE *v.* AVERY.

[Cite as State v. Avery, 15 Ohio Misc. 1.]

(Nos. 5934, 5936, 5941—Decided February 26, 1968.)

Area One County Court, Oxford, Ohio.

*Mr. Richard Wessel* and *Mr. Shafter Prather,* for plaintiff.

*Mr. Richard N. Koehler,* for defendants.

IMFELD, JR., J.  This matter came on before the court on a motion of the defendants to dismiss the actions for the

reason that the facts did not disclose a violation of the law under which they were charged.

The defendants deny, first, that they were the operators of an unlicensed vehicle and if it should be found that they were the operators, that the towed vehicles were not required to be registered under the laws of Ohio.

The facts are not in dispute.

Each of the defendants herein was the driver of a wrecker on a state highway in Butler County within the jurisdiction of this court. Each of the wreckers was towing a motor vehicle which did not have license plates affixed or displayed thereon; the front wheels of the towed vehicles were hoisted from the ground; the rear wheels of the towed vehicles were on the highway; no person was in the towed vehicles nor were the towed vehicles being self-propelled.

It was further established that each of the defendants was a volunteer assisting the owner of the tow trucks in moving the vehicle from one place to another. This decicision is being written as one opinion but is to be treated as applicable to all three cases.

The Code sections to be considered are as follows:

Section 4503.21, Revised Code, provides as follows:

"No person who is the owner or operator of a motor vehicle shall fail to display on the front and rear of such motor vehicle the distinctive number and registration mark, furnished by the Director of Highway Safety, except that a manufacturer of motor vehicles or dealer therein, the holder of an intransit permit, and the owner or operator of a house trailer, trailer, or semitrailer shall display on the rear only. Such number plates shall be securely fastened so as not to swing.

Section 4503.11. "No person who is the owner or chauffeur of a motor vehicle operated or driven upon the public roads or highways shall fail to file annually the application for registration or to pay the tax therefor."

Section 4501.01 states that the definitions listed in Section 4501.01, Revised Code, apply to Chapter 4503.

Section 4501.01 (B). " 'Motor vehicle' means any ve-

hicle propelled or *drawn* by power other than muscular power" . . . etc. . . . [not applicable].

(D) " 'Commercial Tractor' except * * * [not applicable] means any motor vehicle having motive power designed or used for drawing other motor vehicles, or designed or used for drawing another motor vehicle while carrying a portion of such other motor vehicle or its load or both * * *"

(R) " 'Operator' includes any person who drives or operates a motor vehicle upon the public highways."

To answer the first phase of the motion to dismiss on the basis that the driver of each tow-truck was not the "operator" of a motor vehicle under the statute, must be answered in the negative.

Under Section 4501.01 (R), Revised Code, the defendants were driving the tow trucks. Under Section 4501.01 (D), Revised Code, the unit being driven fits the definition of a "Commercial Tractor." Under Section 4503.11, Revised Code, the motor vehicle owner is required to file annually the application for registration and pay the tax.

Would we say that one in the driver's seat was not the operator of such a unit—the operator of that portion towing is the operator of the car being towed—or it has no operator. This hypothesis is a patent absurdity.

Section 4503.11, Revised Code. The motor vehicle owner is required to file annually the application for registration and pay the tax.

Most certainly this statute could have no force and effect against a motor vehicle which is not using the highway in any manner. The law would not require a person who stores motor vehicles on a lot to file such an application and register in the event the motor vehicles are not using the highways.

The only enforcement machinery available is against the use of such motor vehicle on the highway.

Any motor vehicle being drawn on the highway by a means other than its self-propulsion, any portion of which is using the highway, is still a motor vehicle and must have a license for the privilege of using that highway.

The court is aware that this is a case of first impression in Area One Butler County Court and as far as our research has been able to determine is one of first impression in Ohio. On the facts, these cases apply only to those motor vehicles being towed and upon which there is no license in force on the towed vehicle at the time of the tow.

The court would suggest that the more inconvenient form (use of a trailer dolly available to operators of businesses engaged in removing vehicles from accident scenes) be used to remove from the streets those vehicles whose licenses have expired. This trailer dolly, of course, would have to be licensed the same as any other trailer.

The persons before the court were operators of the towed vehicles, further they were volunteers helping the owner of the tow trucks; and the court is aware that the practice of towing unlicensed vehicles is somewhat universally employed, at least throughout the community within the court's observations.

The three individuals charged will be found guilty as charged and will be assessed a fine of $25.00 and costs. Both *fine* and *costs* will be *suspended* by reason of the defendants' prior clear records, their volunteer status, and the fact that the practice of doing what they did (tow an unlicensed vehicle with its wheels on the highway) has been a common practice—although in the opinon of this court a clear violation of the law.

As pointed out by the court, a remedy without too much additional time, difficulty, or investment (use of a trailer dolly) is available to those persons engaged in the business of towing disabled, abandoned or unlicensed motor vehicles.

The court is further of the opinion that this type of violation is not under the purview of Section 4507.40 *et seq.*, Revised Code (labeled "The Point System") so that a report of the conviction need not be sent to the Registrar of Motor Vehicles.